O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>        Plaintiff,<br><br>   v.<br><br>ADVANCED ARCHITECTURAL METALS, INC., a Nevada corporation; STEEL SPECIALITIES UNLIMITED, INC., a Nevada corporation; ADVANCED METALS, INC., a Nevada corporation; LORI IRISH, an individual; HANOVER INSURANCE GROUP, INC., a Delaware corporation, doing business as HANOVER INSURANCE CO.; and DOES 1 through 10, inclusive,<br><br>        Defendants.<br>_____ | Case No. CV 07-06924 DDP (VBKx)<br><br>**ORDER DENYING DEFENDANT LORI IRISH'S MOTION FOR RECONSIDERATION, MOTION FOR NEW TRIAL, AND MOTION TO DISMISS SUMMARY JUDGMENT**<br><br>[Motion filed on April 26, 2011] |

This matter comes before the court on a Motion for Reconsideration, a Motion for New Trial, and Motion to Dismiss Summary Judgment ("Motion") by Defendant Lori Irish("Defendant").

After reviewing the papers submitted by the parties and considering the arguments therein, the Court DENIES the motion and adopts the following order.

**I.  BACKGROUND**

Plaintiffs Carpenters Southwest Administrative Corporation and Board of Trustees for the Carpenters Southwest Trusts ("Plaintiffs") filed their initial Complaint on October 24, 2007. (Dkt. No. 1.) Plaintiffs subsequently filed a Motion for Summary Judgment or Alternatively Partial Summary Judgment on January 28, 2009. (Dkt. No. 30.) Plaintiffs' Motion was properly noticed. (Plaintiff's Motion for Summary Judgment, Proof of Service at 2-3 (Dkt. No. 30-15).)

Defendants did not file an opposition to Plaintiff's Motion, but counsel for both parties were present at the March 30, 2009, hearing of the Motion. (Minutes, Dkt. No. 40.) The defendants, including Defendant and Advanced Architectural Metals, Inc. ("Advanced"), a corporation controlled and operated by Defendant, were represented at the hearing by attorney Richard C. Sipan. (Id.) After hearing oral argument and taking the matter under submission, this court entered judgment in favor of Plaintiffs on April 16, 2009. (Dkt. No. 42.)

On April 28, 2009, Plaintiffs served notice of the judgment on all defendants, including Defendant. (Plaintiffs' Response to Motion ("Response") 2:9-12.) Plaintiffs served notice on Defendant at the North Las Vegas Detention Center, which was her address of record with the court. (Id.) Plaintiffs were unaware that Defendant had been transferred to federal prison in Waseca, Minnesota by way of the Central Detention Center in San Bernadino,

California. (Id. at 2:12-14.)  On April 26, 2011,[1] Defendant filed this Motion, in which she asks the court to reconsider its ruling on Plaintiffs' summary judgment motion.[2]

**II. LEGAL STANDARD**

This court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e), motion to alter or amend a final judgment, or 60(b), motion for relief from judgment. School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, 5 F.3d at 1263; see also C.D. Cal. R. 7-18 (providing that a motion for reconsideration of a decision on any motion may be made only on the grounds of a material difference in fact or law from that presented to the court, newly discovered material facts or a change of law since the decision, or a manifest failure by the court to consider material facts that were presented). Other "highly unusual" circumstances may also warrant reconsideration. School Dist. No. 1J, 5 F.3d at 1263.

**III. DISCUSSION**

Although Defendant does not indicate which Federal Rule of Civil Procedure governs this Motion, "a motion for reconsideration

---

[1] Though Defendant mailed this Motion to Mr. Sipan and Plaintiffs' attorneys on June 11, 2009 (Motion pp. 3-4), it was not filed in this court until April 26, 2011.

[2] The Motion also includes a request for a new trial. This case was resolved on a motion for summary judgment. Defendant cannot make a motion for a new trial because neither a jury nor a non-jury trial was held in this case. See Fed. R. Civ. P. 59(a).

of summary judgment is appropriately brought under either Rule 59(e) or 60(b)." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Whether this court regards Defendant's Motion as brought under Rule 59(e) or Rule 60(b), the Motion does not state a sufficient basis for reconsideration.

A Rule 59(e) motion must be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Defendant's 59(e) motion was due no later than May 14, 2009, but Defendant did not file this Motion until April 26, 2011. Therefore, if treated as a motion brought under Rule 59(e), the Motion is untimely.

The motion must also be denied if brought pursuant to Rule 60(b). Rule 60(b) provides for reconsideration only upon a showing of mistake, newly discovered evidence, fraud, a void judgement, a satisfied judgment, or other "extraordinary circumstances" that justify relief. Fuller, 950 F.2d at 1442; see also Fed. R. Civ. P. 50(b). Defendant has failed to argue that this case falls within any of these exceptions.

For the foregoing reasons, the court DENIES Defendant's Motion for Reconsideration, Motion for a New Trial, and Motion to Dismiss Summary Judgment.

IT IS SO ORDERED.

Dated: July 26, 2011

DEAN D. PREGERSON
United States District Judge

4